UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>Westley Walker,<br><br>Debtor(s)<br>Minnesota Department of Employment and Economic Development,<br><br>Plaintiff(s)<br>Westley Walker,<br><br>Defendant(s) | BK No.: 17-35943<br><br>Chapter: 13<br><br>Honorable Jack B. Schmetterer<br><br>Adv. No.: 18-00081 |

**Findings of Fact, Conclusions of Law and Order for Default Judgment**

This adversary proceeding is before the court on the plaintiff's application for default judgment. Based on the application and the file, the court makes the following:

FINDINGS OF FACT

1. The plaintiff is an agency of the State of Minnesota, responsible for the monitoring and application of Minn. Stat. Ch. 268, including § 268.18 (2016).
2. The defendant is a debtor in this case and is a recipient of economic benefits from the plaintiff under Minn. Stat. Ch. 268 (2016).
3. On or about January 8, 2012, the defendant applied for unemployment compensation benefits claiming that he was unemployed and subsequently began receiving benefits. Effective September 9, 2012, the defendant began receiving extended unemployment compensation benefits.
4. Based upon the defendant's representations that he was unemployed, the plaintiff paid, and the defendant received, weekly benefits periodically from the week beginning January 15, 2012, through the week beginning December 9, 2012.
5. As a condition for continuing receipt of unemployment compensation benefits, the plaintiff required that the defendant answer certification questions by telephone or electronic transmission for each week he received benefits. The defendant made weekly representations to the plaintiff that he remained eligible to receive unemployment compensation benefits.
6. The defendant knew that he was, in fact, periodically employed with Kelly Services, Inc., Volt Management Corp, and Ozark Automotive Distributors, Inc., for the week beginning January 15, 2012, through the week beginning February 26, 2012, when he applied for continued benefits and did not accurately report his earnings from his employment.
7. The plaintiff obtained wage information from Kelly Services, Inc., Volt Management Corp, and Ozark Automotive Distributors, Inc., regarding the defendant for the periods of time that the defendant claimed and received unemployment compensation benefits on the unemployment insurance account for which he had applied on or around January 8, 2012.
8. The plaintiff entered the Kelly Services, Inc., Volt Management Corp, and Ozark Automotive Distributors, Inc., wage information regarding the defendant's earnings during the periods he concurrently claimed and received unemployment compensation benefits for the week beginning

January 15, 2012, through the week beginning February 26, 2012, into its computer system as part of the determinations issued the defendant on March 29, 2013.

9. The plaintiff overpaid the defendant $1,316.00 in unemployment compensation benefits, as a result of the defendant's knowing misrepresentations, misstatements, and failure to disclose material facts, concerning the defendant's employment status and income, during those claimed periods, without a good faith basis for such claims.

10. The plaintiff's website application home page has a section that notifies all applicants when they apply for benefits, of the process that occurs when an applicant receives a benefit overpayment. The notice describes the penalties and interest that are assessed on the overpayment balance.

11. After submitting an application for unemployment compensation benefits, the plaintiff sends each applicant by U.S. Mail, a booklet entitled Information Handbook: What you need to know about Unemployment Insurance. The booklet states, in part:

If you knowingly fail to report all hours worked and all earnings, you will be overpaid and must repay benefits you received. You may be charged a 40% penalty and interest on the overpaid amount.

12. On March 29, 2013, the plaintiff issued a Determination of Ineligibility that found the defendant was overpaid $1,316.00 in unemployment compensation benefits.

13. On March 29, 2013, the plaintiff issued a Determination of Ineligibility: Fraud Determination in the amount of $526.40. The plaintiff must assess a penalty equal to 40 percent of the unemployment benefits overpaid due to the defendant's misrepresentations, misstatements or failure to disclose a material fact pursuant to Minn. Stat. § 268.18, subd. 2 (2016

14. Every Determination of Ineligibility Fraud Determination includes the following notification to applicants:

Under Minnesota Statute section 268.18, if an applicant is paid unemployment benefits because the applicant misrepresents, misstates, or fails to disclose a material fact, the applicant has committed fraud. The law requires a penalty equal to 40 percent of the unemployment benefits paid. In addition, interest at the rate of 1.5 percent per month is assessed on the amount of overpaid unemployment benefits and penalty that remains unpaid 30 calendar days after the date of this determination. In addition, under Minnesota Statute section 268.085, subdivision 2, an applicant is not eligible for unemployment benefits for as long as the applicant has an outstanding fraud overpayment balance, including any penalties and interest. The applicant was paid unemployment benefits because the applicant misrepresented, misstated, or failed to disclose a material fact.

15. The defendant did not respond to the Determination of Ineligibility and Determination of Ineligibility: Fraud Determination and, therefore, the plaintiff's determinations became final.

16. The defendant's representations constitute knowing misrepresentations of material fact, misstating facts relative to the defendant's employment status, and failing to disclose his actual employment status.

17. The defendant made such misrepresentations in order to induce the plaintiff's reliance thereon and to continue to provide the defendant with unemployment compensation benefits.

18. The plaintiff reasonably relied upon the defendant's misrepresentations, and would not have paid his benefits had he actually and truthfully answered the eligibility questions. The plaintiff, therefore, continued to provide the defendant with unemployment compensation benefits.

19. The plaintiff maintains information regarding overpayments and repayments towards the overpayment balances.

20. Minn. Stat. § 268.18, subd. 2b (2016) requires that the plaintiff assess interest on any unemployment benefits fraudulently obtained, and on any penalty amounts assessed under Minn. Stat. § 268.18, subd. 2(a) (2016) at the rate of 1 percent per month on any unpaid balance beginning 30 calendar days after the date of the Determination of Overpayment and Fraud Determination. Prior to July 1, 2015, Minn. Stat. § 268.18, subd. 2b (2014) required that the interest be assessed at a rate of 1-1/2 percent per month.

21. Upon receiving notice that an applicant with a fraud overpayment and penalty balance has filed

bankruptcy, the plaintiff stops assessing interest on the applicant's fraud overpayment and penalty balance.

22. From 30 calendar days or more after the Determination of Ineligibility and Determination of Ineligibility: Fraud Determination issued to the defendant on March 29, 2013, on the unemployment insurance account for which the defendant applied on or around January 8, 2012, to December 1, 2017, the date of the defendant's filing of Bankruptcy Case No. 18-35943, interest has accrued on the fraud overpayment and penalty in the amount of $1,741.00.

23. To date, the plaintiff has incurred court fees in the amount of $350.00.

24. To date, no credits, payments or offsets to the indebtedness have been received.

25. The total amount of the debt is Three Thousand Nine Hundred Thirty Three and 40/100 Dollars ($3,933.40).

26. On March 7, 2018, the plaintiff served the defendant by first class mail, with the Summons and Complaint in this matter.

27. On March 29, 2018, the plaintiff served the defendant by first class mail, with the Summons, Alias Summons and Complaint in this matter.

28. More than 30 days have elapsed since the date of service of the Summons and Alias Summons with no response from the defendant.

## CONCLUSIONS OF LAW

1. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 and Local Rule 1070-1.

2. The entire amount of the indebtedness owed by the defendant to the plaintiff represents money, property, and/or credit obtained by a false representation.

3. The defendant's knowing misrepresentations, misstatements of material fact, and failing to disclose the fact that he was employed during the periods that he claimed and received benefits, constitute fraud under Minn. Stat. § 268.18, subd. 2 (2016), and the defendant is, therefore, liable to the plaintiff for repayment of $1,316.00 wrongfully received by the defendant, plus 40 percent statutory penalties in the amount of $526.40, plus assessed interest to date in the amount of $1,741.00, plus court fees in the amount of $350.00, for a total of $3,933.40.

4. The plaintiff must assess a penalty equal to 40 percent of the total amount fraudulently obtained pursuant to Minn. Stat. § 268.18, subd. 2(a) (2016). The plaintiff may also add the cost of any court fees to the debt if the bankruptcy court does not discharge the debt pursuant to Minn. Stat. § 268.18, subd. 4a(b) (2016).

5. Based upon the foregoing, the defendant's total debt to the plaintiff as set forth in the Determination of Ineligibility and the Determination of Ineligibility: Fraud Determination, the interest assessed to the defendant pursuant to Minn. Stat. § 268.18, subd. 2b (2016), and the court fees incurred by the plaintiff, is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(2)(B), and 11 U.S.C. § 523(a)(7).

6. By failing to answer the Complaint, the defendant, is in default under Fed. R. Civ. P. 55, as incorporated by Fed. R. Bankr. P. 7055.

## IT IS ORDERED:

The defendant's debt to the plaintiff totaling $3,933.40 is excepted from the defendant's discharge.

Enter:

Honorable Jack B. Schmetterer
United States Bankruptcy Judge

Dated: MAY 17 2018
       5/17/18

**Prepared by:**
Rory H. Foley

Rev: 20170308_apo

Minnesota Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 900
St. Paul, MN  55101-2127